**2671.00110**

## IN THE UNITED STATES DISTRICT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LORENZO E. RUBIO, as Next** | **)** | |
| **Friend for Z.R., a minor,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 05-2522-CM** |
| | **)** | |
| **TURNER UNIFIED SCHOOL** | **)** | |
| **DISTRICT No. 202,** *et al.*, | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

### DEFENDANTS' MOTION FOR SANCTIONS

**COME NOW** Defendants Turner Unified School District No. 202, Turner Board of Education, Bobby Allen, Jim Ernst, Linda Ingram, Joy Berry, Theresa Tillery, Betty Gibson, Brad Stuart, Teresa Juarez, Jennifer Watts, and Susan Serzyski (hereinafter "Defendants") and, pursuant to FED.R.CIV.P. 11(b)(1)(A) and D.KAN.R. 11.1, respectfully move the Court for an award of attorneys' fees, expenses and costs incurred in defending against Plaintiff's inclusion of frivolous claims against Defendants in his Complaint.[1]  In support of this motion, Defendants state as follows:

1. Plaintiff filed his Complaint (Doc. #1) on December 12, 2005 and has now amended the Complaint two times (Doc. #3 and Doc #5).

2. On January 24, 2006, Defendants filed a motion to dismiss and memorandum in support which are incorporated herein by reference.  The motion and memorandum contain citations to clearly established law which provides that Plaintiff's

---

1    By filing this motion, Defendants do not waive service or sufficiency of process or consent to personal jurisdiction.

claims against Defendants herein are wholly without merit and therefore frivolous.  See

Murphy v. Klein Tools, Inc., 123 F.R.D. 643 (D.Kan.  1988) (plaintiff's counsel's failure

to conduct reasonable inquiry of existing law before filing complaint violated Rule 11).

1. Defendant Turner Board of Education is an entity which cannot be sued under Kansas law (see K.S.A. 72-8201 and case law cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

2. Plaintiff's claims against Defendant Turner Board of Education and Defendants Allen, Ernst, Ingram, Berry, Tillery, Gibson, Stuart, Juarez, Watts, Serzyski and Does 1-5 in their official capacity are duplicative of the claims against Defendant Turner USD No. 202 (see Redpath v. City of Overland Park, 857 F.Supp. 1448, 1450 (D.Kan. 1997) and other case law cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

3. Defendants Watts, Serzyski and Does 1-5 in their personal capacities are not proper parties to Plaintiff's claims under Title VI (see Title VI and case law cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

4. Defendants Watts, Serzyski and Does 1-5 in their personal capacities are not proper parties to Plaintiff's claims under the Kansas Act Against Discrimination (see case law cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

5. Plaintiff fails to state a claim upon which relief can be granted against Does 1-5, in their personal capacities (see case law and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

6. Defendants' alleged actions did not violate the Equal Protection Clause (see case law and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

7. Municipal liability cannot be established against Defendant Turner USD No. 202 for Plaintiff's claims under 42 U.S.C. § 1983 (see Monell v. Dept. of Soc. Services, 436 U.S. 658, 691 (1978) and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

8. Defendants Watts and Serzyski, in their personal capacities, are qualified immune to Plaintiff's federal claims (see Harlow v. Fitzgerald, 457 U.S. 800 (1982) and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

9.      Plaintiff fails to state a Title VI claim (see Alexander v. Sandoval, 532 U.S. 275 (1998) and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

10.     The Court lacks jurisdiction over Plaintiff's state law claims due to Plaintiff's failure to plead compliance with or actually comply with the statutory prerequisite of filing a Notice of Claim as required by K.S.A. 12-105b (see K.S.A. 12-105b and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

11.     Plaintiff fails to state a viable claim under the Kansas Act Against Discrimination (see KAAD and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

12.     No private cause of action exists for alleged violations of K.S.A. 72-8902 (see K.S.A. 72-8902 and other legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

13.     Plaintiff's claims based on alleged violations of K.S.A. 72-8902 are not cognizable under Kansas Tort Claims Act (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

14.     Plaintiff was provided Due Process and his allegations fail to state a violation of K.S.A. 72-8902 (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

15.     Plaintiff's claim that he was not notified of his right to appeal his suspension has been waived or is moot (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

16.     Plaintiff fails to state a viable claim for civil conspiracy under Kansas law (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

17.     Plaintiff's state law civil conspiracy claim fails as a matter of  law because Defendants committed no underlying wrong which would give rise to a cause of action independent of the alleged conspiracy (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

18.     Defendants are not proper parties to Plaintiff's conspiracy claim (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*));

19.     Plaintiff's state law claims are barred by the discretionary function

exemption to the Kansas Tort Claims Act (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*)); and

20.     Plaintiff is not entitled to recover punitive damages (see legal authority cited in Defendants' Memorandum in Support of Motion to Dismiss (*Doc. # 7*)).

3.      On or about January 26, 2006, Defendant advised Plaintiff that his claims were frivolous and without merit.  See Exhibit A attached hereto.

4.      Fed.R.Civ.P. 11(b)(2) provides that:

[b]y presenting to the court (whether by signing, filing submitting or later

advocating) a pleading, written motion, or other paper, an attorney ... is

certifying to the court to the best of the person's knowledge, information,

and belief, formed after an inquiry reasonable under the circumstances, –

... the claims, defenses, and other legal contentions therein are warranted

by existing law or by a nonfrivolous argument for the extension

modification, or reversal of existing law or the establishment of new law

... .

5.      The case law on this issue is clear and citations to this authority were provided to Plaintiff's counsel in the memorandum in support of Defendants' motion to dismiss filed with the Court on January 24, 2006.  Defendants have been forced to incur unnecessary attorneys' fees, expenses and costs defending against Plaintiff's frivolous and totally unsupported claims.

6.      In accordance with Fed.R.Civ.P. 11(c)(1)(A), Defendants certify that on the 26th day of January, 2006, they served upon Plaintiff a copy of this Motion for Sanctions by telefax and regular mail the same to Plaintiff's attorneys of record.  It has

been more than twenty-one (21) days since Plaintiff was served with a copy of this

motion and Plaintiff has not withdrawn his frivolous claims.

      **WHEREFORE** Defendants respectfully request that the Court award them

reasonable attorney's fees, expenses and costs incurred in opposing Plaintiff's claims.


          Respectfully submitted,

          McANANY, VAN CLEAVE & PHILLIPS, P.A.
          707 Minnesota Avenue, Suite 400
          Post Office Box 171300
          Kansas City, Kansas 66117-1300
          Telephone:    (913) 371-3838
          Facsimile:    (913) 371-4722

          By: /s/ Gregory P. Goheen
               Gregory P. Goheen    #16291

          Attorneys for Defendants

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served through the Court's ECF system and/or mailed, postage pre-paid, on this 17th day of February, 2006 to:

Chuck N. Chionuma
Margaret L. Pemberton
Chionuma and Associates, P.C.
The Bryant Building, Suite 1100
1102 Grand Avenue
Kansas City, Missouri 64106

Attorneys for Plaintiff

               /s/ Gregory P. Goheen