## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LORENZO E. RUBIO, Natural Father
of Z.R., a minor child,

        Plaintiff,

v.                              No.  05-2522-CM-DJW

TURNER UNIFIED
SCHOOL DISTRICT 202, et al.,

        Defendants.

### MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Stay (doc. 9).  More specifically, Defendants seek a stay of all proceedings in this case pending resolution of their previously filed Motion to Dismiss, which is predicated in part on the defense of qualified immunity.  Plaintiff opposes Defendants' request for a stay.

The power to stay proceedings is incidental to the court's inherent power to control the disposition of the cases on its docket.[1]  The court may exercise the power to stay to provide economy of time and effort for the court itself and for counsel and litigants appearing before the court.[2]  The decision whether

---

[1]*Universal Premium Acceptance Corp.  v. Oxford Bank & Trust,* No. 02-2448-KHV, 2002 WL 31898217, at *1-2 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

[2]*Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

to grant a stay is within the district court's discretion; however, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."[3]

In light of these rules, this Court has adopted a "general policy" of not staying pretrial proceedings even though dispositive motions are pending.[4]   Exceptions to this general policy may, however, be made when the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of a broad complaint would be wasteful and burdensome.[5]   Another major exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[6]

Applying these standards, and in light of the fact that Defendants' Motion to Dismiss is predicated in part on the defense of qualified immunity, the Court finds a stay of all proceedings in this matter is legally appropriate and economical in terms of time and effort for the court itself and for counsel and litigants appearing before the court.   Accordingly, Defendants' Motion to Stay (doc. 9) is granted.

IT IS SO ORDERED.

---

[3]*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)

[4]*Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan.1990)).

[6]*See, e.g.*, *Siegert v. Gilley,* 500 U.S. 226, 232 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

Dated in Kansas City, Kansas on this 14th day of March, 2006.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:      All counsel and *pro se* parties