**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


| | | |
|---|---|---|
| **LORENZO E. RUBIO, as Next Friend for Z.R., a minor,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION** |
| **v.** | ) ) | **No. 05-2522-CM** |
| **TURNER UNIFIED SCHOOL DISTRICT No. 202, *et al.*,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

_____)

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff brings this action alleging that a school principal improperly disciplined Z.R., a minor high school student, for speaking Spanish during school.  Plaintiff brought suit against the school district, its board members, its superintendent, the principal, and Z.R.'s teachers.  Defendants claim that numerous organizations, including the National Council of *La Raza* (NCLR), the League of United Latin American Citizens (LULAC), the Mexican American Legal Defense and Education Fund (MALDEF) and El Centro, Inc., have publicly voiced support and advocated on behalf of plaintiff in connection with this litigation.  It is the involvement of those organizations in this case that prompted defendants to file Defendants' Motion for Recusal or Disqualification (Doc. 23).  Defendants contend that the undersigned judge's personal and professional connection with those organizations raises an appearance of impropriety that could taint these proceedings.  For the following reasons, the court grants the motion, and the undersigned judge hereby recuses himself from the case.

28 U.S.C. § 455(a) requires a district judge to "disqualify himself in any proceeding in which

his impartiality might reasonably be questioned."  The relevant inquiry is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (internal quotation marks and citation omitted).  The judge's subjective state of mind is immaterial. *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  The decision whether to recuse from a case is committed to the sound discretion of the court. *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987).  But if the decision is a close one, the judge should recuse. *Bryce*, 289 F.3d at 659.

In this case, defendants have drawn the court's attention to numerous connections the undersigned judge has with organizations that have taken an active interest in the outcome of this case.  Some assertions are accurate, some are not.  An accurate representation is the fact that the undersigned judge has, in the past, been actively involved with El Centro, Inc., an organization which has met with plaintiff about the incident at issue in this case and publicly voiced support for plaintiff.  The court would also note that the undersigned's wife actually was employed by El Centro in the recent past.  The undersigned's brother and sister are also integrally involved in groups that defendants claim have taken active and public positions on this case.

Defendants, however, have inaccurately portrayed the relationship of the undersigned judge to Raul Murguia, who they represent also has connections with El Centro.  Raul Murguia is not the undersigned's brother, and the court has not considered his connection to El Centro in determining whether to recuse from this case.  The court also notes that defendants claim that the undersigned judge should recuse himself because MALDEF, whose staff attorney is expected to enter an

-2-

appearance in this case, supported the undersigned judge's appointment to the federal bench. The exhibit attached in support of this assertion does not in fact support the assertion.

As previously noted, the judge's subjective state of mind is immaterial to the decision whether to recuse. *Cooley*, 1 F.3d at 992. And the court is particularly mindful of the mandate that a judge should recuse in a close case. *See Bryce*, 289 F.3d at 659. Although the court is confident that the undersigned judge would remain fair and impartial if he did not recuse from this case, the court also recognizes that an appearance of impropriety may be present in light of the unique circumstances surrounding this case. For these reasons, the court finds it appropriate, in light of all of the information available to the court, to recuse. The court, in the exercise of its discretion and to avoid any appearance of impropriety, therefore grants the motion for recusal pursuant to § 455(a). The court has made this decision based on several factors mentioned in this Memorandum and Order, as well as other factors not mentioned here or in defendants' motion.

Although the court finds that recusal is appropriate in this case under 28 U.S.C. § 455(a), the court rejects defendants' argument that recusal is also appropriate under § 455(b)(5). Section 455(b)(5) requires a judge to disqualify himself where "[h]e or his spouse or a person within the third degree of relationship to either of them, or the spouse of such a person: . . . (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceedings; (iv) is to the judge's knowledge likely to be a material witness in the proceeding." Defendants contend that Janet Murguia will be a witness in this case based on her public comment that "[a] fully bilingual young man like Zach Rubio should be considered an asset to the community." The court at this point in time believes it highly unlikely that this statement would qualify the undersigned's sister as a material witness in this case. The court also rejects defendants' argument that the undersigned's family members, because of their involvement with the organizations previously

-3-

mentioned, have an interest which could be substantially affected by the outcome of the proceedings. Nevertheless, for the reasons previously stated, the court finds that recusal is appropriate under § 455(a).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Recusal or Disqualification (Doc. 23) is granted.

Dated this 18th  day of April 2006, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**