# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LORENZO E. RUBIO,** ) | |
| **as next friend for Z.R., a minor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 05-2522-KHV** |
| **TURNER UNIFIED SCHOOL DISTRICT** ) | |
| **NO. 202, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Lorenzo E. Rubio, as next friend and father of Z.R., a minor, filed suit against the Turner Unified School District No. 202, the district superintendent, the Turner Board of Education, its members, and the principal and several teachers at Endeavor Alternative School. Plaintiff alleges that by prohibiting students from speaking Spanish at Endeavor Alternative School, defendants violated Z.R.'s rights under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.[1] On September 28, 2006, the Court sustained part of defendants' motion to dismiss, but granted plaintiff leave to amend his complaint

---

[1] In plaintiff's first three complaints (Docs. #1, 3 and 5) filed December 12, 13 and 16, 2005, plaintiff also asserted claims for race and national origin discrimination under the Kansas Act Against Discrimination (Count III), civil conspiracy under Kansas common law (Count IV) and violation of Z.R.'s procedural due process rights under K.S.A. § 72-8902 (Count V). In response to defendants' motion to dismiss, plaintiff conceded that his state law claims were premature because he did not give notice of the claims under K.S.A. § 12-105(b). See Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss (Doc. #27) filed February 28, 2006 at 4-5. Accordingly, the Court sustained defendants' motion to dismiss Counts III, IV and V. See Memorandum And Order (Doc. #45) filed September 28, 2006. Shortly after defendants filed that motion to dismiss, plaintiff filed a fourth complaint. See Amended Complaint (February 28, 2006) (Doc. #29). The Court sustained defendants' motion to strike that complaint. See Memorandum And Order (Doc. #45).

on or before October 12, 2006. See Memorandum And Order (Doc. #45). The Court held that in the amended complaint, plaintiff could assert (1) a claim for national origin discrimination against the District under Title VI, and (2) a claim for retaliation against the District under Title VI. See id. On October 12, 2006, plaintiff filed an amended complaint which asserted these two claims. See Amended Complaint (Doc. #46). Before defendant answered or otherwise responded to that complaint, but after defendant notified plaintiff that the amended complaint continued to demand punitive damages – which the Court had dismissed – plaintiff filed a sixth complaint. See "Amended" Amended Complaint (Doc. #48) filed October 26, 2006. In the sixth complaint, plaintiff asserted a claim for violation of Z.R.'s procedural due process rights under state law and included allegations which related to claims which the Court has dismissed. This matter is before the Court on Defendant's Motion To Strike And Dismiss (Doc. #49) filed November 9, 2006. For reasons stated below, the Court sustains defendant's motion in part.

**Factual Background**

Plaintiff's amended complaint (Doc. #48) alleges as follows:

Plaintiff is the father and next friend for Z.R., a minor who attends high school at Endeavor Alternative School ("Endeavor") in the Turner Unified School District No. 202 (the "District"). Bobby Allen is the district superintendent. Jennifer Watts is the principal and Susan Serzyski is a teacher at Endeavor.

During the 2005-06 school year, Watts and Serzyski prohibited Z.R. and others of Hispanic origin from speaking Spanish on school premises. See "Amended" Amended Complaint (Doc. #48) ¶ 29. During lunch hour, on November 28, 2005, Watts told Z.R. not to speak Spanish. See id., ¶ 33. One school period later, Serzyski ordered Z.R. not to speak Spanish in the hallway and told him to go to the

principal's office. See id., ¶¶ 35-36. Serzyski pushed an intercom in front of other students and told Watts over the public address system that she was sending Z.R. to the office so that he could speak Spanish to her. See id., ¶ 38. Watts then told Z.R. that he was not in Mexico and that he should speak only English on the school premises. See id., ¶ 40. Watts immediately suspended Z.R. and did not inform him of his right to appeal the suspension under Kansas law. See id., ¶¶ 41-43. Watts had authority to end or change the "No Spanish" policy at Endeavor. See id., ¶¶ 44, 60.

Later that day, plaintiff called Watts who told him that "We speak English here. This is not Mexico." See id., ¶ 49. Plaintiff asked Watts if her position on Spanish reflected a District policy and she stated that she could not speak for other buildings, but that in her building "we only speak English." Id., ¶ 50. Plaintiff asked Watts to state the school's position in writing and Watts gave him a document which stated that Z.R. could not speak Spanish on school premises and that he was suspended for doing so.[2] See id., ¶¶ 51-53.

The following morning, November 29, 2005, plaintiff went to the superintendent's office and left a copy of Watts' written statement that Z.R. was not to speak Spanish on the school premises. See id., ¶ 55. Allen later contacted plaintiff and asked whether he had retained a copy of Watts' written statement. See id., ¶¶ 56-57.

Since Z.R. returned to school, Watts and teachers have subjected his school work to razor thin scrutiny. See id., ¶ 59. Watts and teachers have also disciplined Z.R. because of this lawsuit. See id. On one occasion, four teachers took Z.R. into an empty room and threatened him. See id.

---

[2] The complaint does not specify the length of the suspension.

Watts had actual notice that Z.R. was subject to harassment and discrimination on the basis of race and national origin as a result of the "No Spanish" rule, but she failed to take immediate and appropriate corrective actions to end the harassment and discrimination.

On December 12, 2005, plaintiff filed suit against the District, Allen, Watts, Serzyski, the Turner Board of Education, the individual members of the Turner Board of Education, and Does 1 through 5, unknown teachers at Endeavor. On September 28, 2006, the Court sustained defendants' motion to dismiss in part and granted plaintiff leave to file an amended complaint on two specific claims: (1) a claim for national origin discrimination against the District under Title VI, and (2) a claim for retaliation against the District under Title VI. See Memorandum And Order (Doc. #45) at 20. Defendant asks the Court to strike or dismiss plaintiff's amended complaint.[3]

---

[3] Defendant again attempts to introduce facts beyond the complaint, including the District's equal opportunity and nondiscrimination policies and the fact that the District has no policy which prohibits students from speaking Spanish in schools. See Defendant's Memorandum in Support Of Motion To Strike And Dismiss (Doc. #50) at 7 n.2. Generally, a court may not look beyond the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss. Dean Witter Reynolds, Inc. v. Howsam, 261 F.3d 956, 961 (10th Cir. 2001), rev'd on other grounds, 534 U.S. 1161 (2002); Lassiter v. Topeka Unified Sch. Dist. No. 501, 347 F. Supp.2d 1033, 1040 (D. Kan. 2004). When a movant presents matters outside the pleadings, the Court has discretion to convert a Rule 12(b)(6) motion into one for summary judgment. See Lybrook v. Members of the Farmington Mun. Sch. Bd. of Educ., 232 F.3d 1334, 1341-42 (10th Cir. 2000). Because the parties have not completed discovery and defendant has not set forth the pertinent facts in compliance with D. Kan. Rule 56.1, the Court declines to consider evidence outside the pleadings. Accordingly, the Court will treat defendant's motion as one to dismiss under Rule 12(b)(6).

Defendant argues that in deciding a motion to dismiss, the Court can take judicial notice of public records. See Reply In Support Of Defendants' Motion To Dismiss (Doc. #42) filed March 23, 2006 at 2 (citing Stahl v. U.S. Dep't Of Agric., 327 F.3d 697 (8th Cir. 2003)). On a motion to dismiss, the Court may consider (1) indisputably authentic copies of documents if plaintiff referred to them in the complaint and the documents are central to the claims; and (2) facts which are subject to judicial notice. See GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997) (if document referred to
(continued...)

## **Analysis**

Defendant asks the Court to strike or dismiss plaintiff's amended complaint of October 26, 2006. Defendant assumes that plaintiff could file the amended complaint without leave of court. Rule 15(a), Fed. R. Civ. P., provides that "[a] party may amend the party's pleading *once* as a matter of course at any time before a responsive pleading is served." (emphasis added). Because plaintiff had already amended his complaint on four prior occasions, he could not do so again without leave of court or defendant's written consent. Plaintiff offers no explanation why he did not seek leave to file a sixth complaint.[4] Because plaintiff did not seek leave to file the amended complaint of October 26, 2006, the Court ordinarily would strike the entire complaint. Because the deadline to seek leave to file an amended complaint has passed,

---

[3](...continued)
in complaint but not attached to it, and is central to plaintiff's claim, defendant may submit indisputably authentic copy to be considered on motion to dismiss); Fed. R. Evid. 201(b) (judicially noticed fact must be one not subject to reasonable dispute in that it is either generally known within territorial jurisdiction of trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). Defendant's extrinsic evidence does not fall into either category. Cf. Balfour v. Medicalodges, Inc., No. 05-2086-KHV, 2006 WL 314521, at *5 n.4 (D. Kan. Feb. 9, 2006) (judicial notice that 2004 was leap year); Jones v. Wildgen, 320 F. Supp.2d 1116 (D. Kan. 2004) (judicial notice of portions of City Code in action challenging constitutionality of municipal ordinances); Grogan v. O'Neil, 292 F. Supp.2d 1282, 1292 (D. Kan. 2003) (judicial notice of corporate exculpatory charter provision where defendant presented certified copy on file with secretary of state; articles of incorporation attached to defendants' motion to dismiss not considered).

[4] Plaintiff may have been misled by defense counsel's letter which erroneously suggested that under Rule 15(a), plaintiff could amend his amended complaint once without leave of court. See Exhibit C to Defendant's Motion To Strike And Dismiss (Doc. #49). Nothing in Rule 15(a) suggests that a party can amend an amended pleading as a matter of course. See Fleming v. Rhymer, 79 F.3d 1150, 1996 WL 117018, at *1 (7th Cir. 1996) (having already amended his complaint, plaintiff could amend again only by leave of court or written consent of adverse party); Glaros v. Perse, 628 F.2d 679, 686 (1st Cir. 1980) (even though all defendants had not filed responsive pleadings, plaintiff could not amend his complaint again). In addition, defense counsel's letter was not "written consent" to the amended complaint because defendant agreed only to delete the reference to punitive damages. See Exhibit C to Defendant's Motion To Strike And Dismiss (Doc. #49).

see Scheduling Order (Doc. #51) filed November 29, 2006 (deadline for motions to amend January 10, 2007), the Court will liberally construe plaintiff's response to defendant's motion to strike and dismiss as a motion for leave to file the amended complaint of October 26, 2006. In addition, because defendant did not object to the fact that plaintiff filed the amended complaint on October 26, 2006, the Court will sustain plaintiff's motion to amend and consider on the merits defendant's motion to strike and dismiss.

**I.      Title VI Discrimination Claim (Count I)**

Title VI is a general prohibition against discrimination by federally funded programs. See id. at 1302. The District argues that plaintiff does not state a claim under Title VI because he has not pled that a District official, other than Watts, had actual notice of the alleged discrimination.

Section 601 of Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Private individuals may sue to enforce Section 601 of Title VI and obtain both injunctive relief and damages. Alexander v. Sandoval, 532 U.S. 275, 279 (2001). Title VI further states that no action shall be taken until the department or agency concerned has advised the "appropriate person" of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means. 42 U.S.C. § 2000d-1. Under an identical provision in Title IX, the Supreme Court has held that unless an "appropriate person" has actual knowledge of the alleged discrimination and fails to adequately respond to such discrimination, a damage remedy will not lie. See Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S.

274, 290 (1998).[5]

Here, the District can be liable for the acts of teachers at Endeavor if Watts had actual notice of the conduct and did not take corrective action to end the alleged discrimination. As the Court explained in a prior order, Gebser implied that a school district can be liable where a principal knows of a teacher's misconduct. See Memorandum And Order (Doc. #45) at 16-17; Gebser, 524 U.S. at 291 (information insufficient to alert principal to possibility of teacher's sexual relationship with student). Plaintiff alleges that as principal, Watts had actual notice of the teachers' misconduct. See "Amended" Amended Complaint (Doc. #48) ¶ 61. Because plaintiff alleges that Watts also had authority to take corrective action to end the alleged discrimination, see id., ¶¶ 44, 60, she qualifies as an "appropriate person" for purposes of liability on the District under Title VI. See Gebser, 524 U.S. at 291; Bostic v. Smyrna Sch. Dist., 418 F.3d 355, 360 (3d Cir. 2005) (school principal entrusted with responsibility and authority normally associated with that position ordinarily will be "appropriate person" under Title IX).

As to acts by Watts, however, plaintiff has not pled that an "appropriate person" other than Watts had actual notice of her conduct.[6] Title VI contains no reference to an institution's "agents" and therefore does not expressly call for application of agency principles. Gebser, 524 U.S. at 283 (analyzing Title IX); cf. Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993) (under Title VII, employer may be

---

[5] Gebser noted that Title IX was modeled after Title VI which is "parallel to Title IX except that it prohibits race discrimination, not sex discrimination, and applies in all programs receiving federal funds, not only in education programs." Id. at 286. "The two statutes operate in the same manner conditioning an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds." Id.

[6] Plaintiff alleges that he notified the superintendent the day after Watts suspended Z.R., but he does not allege that the superintendent failed to take corrective action to end the discrimination.

liable for supervisor's conduct even absent knowledge of such conduct). Because a school district's liability under Title VI rests on actual notice principles, "the knowledge of the wrongdoer h[er]self is not pertinent to the analysis." Gebser, 524 U.S. at 291 (citing Restatement (Second) of Agency § 280 (1957)); id. at 287-88 (by accepting federal funds, school board agreed not to discriminate; unlikely that Congress envisioned liability where recipient unaware of discrimination) (citing Rosa H. v. San Elizario Indep. Sch. Dist., 106 F.3d 648, 654 (5th Cir. 1997)). Plaintiff does not dispute that an alleged wrongdoer's knowledge of discrimination is insufficient to constitute actual notice to the District.[7] See id.; see also Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 643 (1999) (high standard imposed in Gebser sought to eliminate risk that recipient would be liable in damages not for its own official decision but for employee's independent actions) (citing Gebser, 524 U.S. at 290-91); Gebser, 524 U.S. at 285 (purposes of Title IX would be frustrated if damage remedy lies against school district for teacher's sexual harassment of student based upon principles of *respondeat superior* or constructive notice, i.e. absent

---

[7] In his response to defendant's motion to dismiss on this issue, plaintiff simply incorporates his response to defendant's prior motion to dismiss. See Plaintiff's Suggestions In Opposition To Defendant's Motion To Strike And Dismiss (Doc. #53) filed December 1, 2006 at 2 (citing Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss (Doc. #27) filed February 28, 2006). In plaintiff's response to defendant's earlier motion, plaintiff did not specifically address the District's liability for conduct by Watts. Plaintiff also suggests that in its order on defendant's first motion to dismiss, the Court rejected defendant's argument on this issue. See id. In the prior order, however, the Court did not specifically distinguish the acts of Watts and Serzyski in light of Gebser's holding that the knowledge of the wrongdoer does not constitute notice to the school district. See Memorandum And Order (Doc. #45) at 16-17. In Gebser, the Supreme Court did not specifically address whether the knowledge of a school principal, who is also the wrongdoer, constitutes sufficient notice to a school district. See Gebser, 524 U.S. at 291. The Court's prior order addressed the conduct of Watts and Serzyski together, and therefore implied that a principal could qualify as an "appropriate person" even where the principal was the wrongdoer. See Memorandum And Order (Doc. #45) at 16-17. On review, and after separately analyzing the conduct of Watts and Serzyski, the Court finds that a principal cannot qualify as an "appropriate person" where the principal is the wrongdoer.

actual notice to school district official). Because the amended complaint (Doc. #48) only pleads notice of the alleged discrimination to Watts, the Court sustains defendant's motion to dismiss Count I to the extent that it is based on acts of discrimination by Watts.

## II.     Title VI Retaliation Claim (Count II)

As to plaintiff's retaliation claim under Title VI, the District again argues that plaintiff does not state a claim because he has not pled that a District official other than Watts had actual notice of the alleged retaliation. Plaintiff has stated a claim for the retaliatory acts by teachers at Endeavor by alleging that (1) Watts knew of the retaliatory conduct of teachers at Endeavor, (2) Watts had authority to institute corrective measures and (3) Watts acted intentionally or with deliberate indifference to the retaliation. See "Amended" Amended Complaint (Doc. #48) ¶ 83. As to acts of retaliation by Watts, however, plaintiff has not pled actual notice to an "appropriate person." Accordingly, the Court sustains defendant's motion to dismiss Count II to the extent that it is based on acts of retaliation by Watts.

## III.    Denial Of Due Process Under Kansas Law (Count III)

Plaintiff alleges that the District did not advise Z.R. or his family of his right to appeal the suspension in violation of K.S.A. § 72-8902. Defendant argues that the Court should dismiss this claim because plaintiff has not pled compliance with the statutory conditions precedent for suit against a municipality under K.S.A. § 12-105b(d).[8]  The notice requirements of K.S.A. § 12-105b(d) are a

---

[8]     Defendant also argues that the Court did not give plaintiff leave to re-assert the claim and that the claim is subject to dismissal for several additional reasons asserted in its prior motion to dismiss, which it incorporates by reference. See Defendant's Memorandum in Support Of Motion To Strike And Dismiss (Doc. #50) filed November 9, 2006 at 5 n.4. Because the issue of notice is dispositive under K.S.A. § 12-105b(d), the Court need not reach defendant's alternative arguments.

condition precedent to bringing a tort claim against a municipality and must be pled in compliance with Rule 9(c), Fed. R. Civ. P. See Tucking v. Bd. of Comm'rs of Jefferson County, Kan., 14 Kan. App.2d 442, 445, 796 P.2d 1055, 1057-58 (1990); Reindl v. City of Leavenworth, 361 F. Supp.2d 1294, 1301 (D. Kan. 2005); Miller v. Brungardt, 904 F. Supp. 1215, 1217 (D. Kan. 1995); Unified Sch. Dist. No. 457, Finney County, Kan. v. Phifer, 729 F. Supp. 1298, 1306 (D. Kan. 1990); see also Fed. R. Civ. P. 9(c) (in pleading performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred). K.S.A. § 12-105a(a) (1991) defines "municipality" to include school districts. See Miller, 904 F. Supp. at 1217. Because plaintiff has not pled compliance with the notice requirements of K.S.A. § 12-105b(d), the Court dismisses plaintiff's state law procedural due process claim (Count III).

**IV.     Extraneous References To Dismissed Claims**

Defendant argues that the Court should strike all references in the amended complaint to the Constitution and Section 1983, because the Court has dismissed any such claims.[9] See "Amended" Amended Complaint (Doc. #48), Overview at 1-2; ¶¶ 3, 7, 65, 68, 75, 84; at 16, *ad damnum* clause ¶ d. Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking material from a pleading is a generally disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and the Court should decline to do so unless the allegations (1) have no possible relation to the controversy, and

---

[9]     Defendant also seeks to strike all references to plaintiff's claim for violation of Z.R.'s procedural due process rights under state law. Because the Court dismisses that claim, defendant's motion to strike references to the claim is moot.

(2) may prejudice one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan. 2006). Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike. Nwakpuda, 14 F. Supp.2d at 1215. The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676 (D. Kan. 2004). Plaintiff has not specifically responded to defendant's motion to strike all references to claims under the Constitution and Section 1983 or all requests for a declaration that defendant did not adequately train, supervise and monitor employees about constitutional and civil rights. In addition, defendant's motion is well taken in this regard. Therefore the Court strikes portions of the "Amended" Amended Complaint (Doc. #48) as follows:

1. the words "Constitution and" on page 1, line 10;

2. the words "Constitution and" on page 2, line 4;

3. the words "Constitution and" on page 2, line 11;

4. the words "Constitution and" on page 3, line 10;

5. Paragraphs 65 and 75 in their entirety;

6. the words "and Constitution" on page 11, line 2;

7. "and 42 U.S.C. § 1983" on page 13, line 2; and

8. Paragraph e on page 16.

**V.    Sanctions**

As part of its motion to strike and dismiss, the District asks the Court to impose sanctions under Rule 11, Fed. R. Civ. P., because in light of the Court's prior rulings, plaintiff did not have a good faith basis to assert the claims in the amended complaint of October 26, 2006. Rule 11 sets forth certain

procedural requirements for parties seeking sanctions. See Fed. R. Civ. P. 11(c)(1)(A). The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct which allegedly violates Rule 11(b). See Fed. R. Civ. P. 11(c)(1)(A). The moving party must serve the motion on the opposing party. See id. If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the court. See id. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Aerotech, Inc. v. Estes, 110 F.3d 1523, 1529 (10th Cir. 1997) (citing Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995)). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation. Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 11. Because defendant did not file its motion for sanctions as a separate motion and has provided no evidence that it complied with the Rule 11 safe harbor provision,[10] the Court overrules defendant's request.[11]

**IT IS THEREFORE ORDERED** that Plaintiff's Suggestions In Opposition To Defendant's

---

[10] Defendant apparently complied with the safe harbor provision as to plaintiff's request for punitive damages, see Exhibit A to Defendant's Memorandum in Support Of Motion To Strike And Dismiss (Doc. #50), but plaintiff did not include a request for punitive damages in his amended complaint of October 26, 2006.

[11] Not to be outdone, plaintiff seeks sanctions because defendant filed a second motion to dismiss instead of an answer to the "Amended" Amended Complaint (Doc. #48). See Plaintiff's Suggestions In Opposition To Defendant's Motion To Strike And Dismiss (Doc. #53) at 4. Assuming that plaintiff seeks such sanctions under Rule 11, the Court overrules the request because plaintiff did not file his request as a separate motion and has not provided evidence that he complied with the safe harbor provision. In any event, sanctions against defendant for filing a second motion to dismiss are not warranted because the motion in substantial part is well taken.

-12-

procedural requirements for parties seeking sanctions. See Fed. R. Civ. P. 11(c)(1)(A). The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct which allegedly violates Rule 11(b). See Fed. R. Civ. P. 11(c)(1)(A). The moving party must serve the motion on the opposing party. See id. If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the court. See id. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Aerotech, Inc. v. Estes, 110 F.3d 1523, 1529 (10th Cir. 1997) (citing Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995)). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation. Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 11. Because defendant did not file its motion for sanctions as a separate motion and has provided no evidence that it complied with the Rule 11 safe harbor provision,[10] the Court overrules defendant's request.[11]

**IT IS THEREFORE ORDERED** that Plaintiff's Suggestions In Opposition To Defendant's

---

[10] Defendant apparently complied with the safe harbor provision as to plaintiff's request for punitive damages, see Exhibit A to Defendant's Memorandum in Support Of Motion To Strike And Dismiss (Doc. #50), but plaintiff did not include a request for punitive damages in his amended complaint of October 26, 2006.

[11] Not to be outdone, plaintiff seeks sanctions because defendant filed a second motion to dismiss instead of an answer to the "Amended" Amended Complaint (Doc. #48). See Plaintiff's Suggestions In Opposition To Defendant's Motion To Strike And Dismiss (Doc. #53) at 4. Assuming that plaintiff seeks such sanctions under Rule 11, the Court overrules the request because plaintiff did not file his request as a separate motion and has not provided evidence that he complied with the safe harbor provision. In any event, sanctions against defendant for filing a second motion to dismiss are not warranted because the motion in substantial part is well taken.

Motion To Strike And Dismiss (Doc. #53) filed December 1, 2006, which the Court construes as a motion for leave to file the amended complaint (Doc. #48) of October 24, 2006, be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Strike And Dismiss (Doc. #49) filed November 9, 2006 be and hereby is **SUSTAINED in part**. The Court dismisses Count I to the extent that it is based on acts of discrimination by Watts, Count II to the extent that it is based on retaliation by Watts; and Count III in its entirety. The Court strikes portions of the "Amended" Amended Complaint (Doc. #48) as follows:

1. the words "Constitution and" on page 1, line 10;

2. the words "Constitution and" on page 2, line 4;

3. the words "Constitution and" on page 2, line 11;

4. the words "Constitution and" on page 3, line 10;

5. Paragraphs 65 and 75 in their entirety;

6. the words "and Constitution" on page 11, line 2;

7. "and 42 U.S.C. § 1983" on page 13, line 2; and

8. Paragraph e on page 16.

Defendant's motion is otherwise overruled.

Dated this 9th day of February, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court